David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiff,
Theresa Hartage

# United States District Court
# District of Arizona

| | |
|---|---|
| Theresa Hartage,<br><br>                    Plaintiffs,<br><br>v.<br><br>Paypal, Inc.,<br><br>                    Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**Jury Trial Demanded** |

### Introduction

1. Theresa Hartage ("Plaintiff"), brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Paypal, Inc. ("Paypal" or "Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in

Complaint

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2.  The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

    > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

    *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion

of privacy, regardless of the type of call….” *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## Jurisdiction and Venue

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the District of Arizona pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of Maricopa, State of Arizona because it is a corporation registered with the Arizona Secretary of State and it conducts business is in the County of Maricopa, State of Arizona.

## Parties

8. Plaintiff is, and at all times mentioned herein was, a resident of the City of Phoenix, County of Maricopa, State of Arizona.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendant is located in the City of San Jose, in the State of California.

Complaint 3

11. Paypal is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

12. At all times relevant, Paypal conducted business in the State of Arizona and in the County of Maricopa, within this judicial district.

### Factual Allegations

13. Throughout 2014 and 2015 Plaintiff began to receive multiple phone calls from Defendant per day.

14. Throughout 2014 and 2015, Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 9464 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

15. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Plaintiff received over 70 phone calls November, 2014 through December 2015.

17. When Plaintiff answered Defendant's phone calls, there was often either silence or a prerecorded massage indicating that an ATDS was in use.

18. Defendant called Plaintiff using the number (888) 895-5705.

19. Plaintiff requested multiple times that Defendant stop calling Plaintiff's cellular telephone.

20. Any prior consent Paypal had to call Plaintiff was clearly revoked by her numerous requests for Paypal to stop calling her.

21. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Plaintiff did not provide Paypal or its agent(s) prior express consent to receive the calls on or about November 2014 through December 2015 to her cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. The telephone call by Paypal, or its agent(s), violated 47 U.S.C. § 227(b)(1).

25. Plaintiff was forced to eventually block the number to stop Paypal's harassing calls.

26. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

27. Plaintiff was personally affected because she was frustrated and distressed that despite her telling Defendant to stop calling her on her cell phone, Defendant continued to harass Plaintiff with calls using an ATDS.

28. Defendant's calls forced Plaintiff to live without the utility of her cellular phones by forcing Plaintiff to silence her cellular phones and/or block incoming numbers.

### First Cause of Action
### Negligent Violations Of The
### Telephone Consumer Protection Act (TCPA)
### 47 U.S.C. 227

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and

every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action
## Knowing and/or Willful Of The
## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. 227

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
34. Plaintiff made several requests for Defendant to stop calling her cell phone.
35. Each call after Plaintiff revoked consent, constitute a knowing and/or willful violation of the TCPA.
36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.
37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
38. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### First Cause of Action for Negligent Violation of
### the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Second Cause of Action For Knowing and/or Willful Violations of
### the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Trial By Jury

39. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: March 10, 2017                By: */s/ David McGlothlin*
                                        David McGlothlin
                                        Attorneys for Plaintiff